IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Ryan Pilson, ) | |
| ) | Cr. No. 0:04-1033 |
| Movant, ) | Cr. No. 0:05-0393 |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Daniel Ryan Pilson is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-McDowell in Welch, West Virginia. This matter is before the court on Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as amended.

FACTS AND PROCEDURAL HISTORY

On May 26, 2005, Movant pleaded guilty to bank robbery and aiding and abetting a bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 3 of superseding indictment filed Cr. No. 0:04-1033); and bank robbery, in violation of 18 U.S.C. § 2113(a) (Counts 1 and 2 of indictment filed in the Western District of North Carolina and transferred to the District of South Carolina as set forth in Cr. No. 0:05-0393). A presentence investigation report (PSR) was prepared by the United States Probation Office. The PSR noted that Movant has three prior convictions in the North Carolina Superior Court, Charlotte, North Carolina, for breaking and entering. ECF No. 92, ¶¶ 82, 85, 88 in Cr. No. 0:04-1033; ECF No. 55, ¶¶ 82, 85, 88 in Cr. No. 0:05-0393. Movant's criminal history score was 9. Two points were added pursuant to U.S.S.G. § 4A1.1(d) because Movant was on state probation at the time of the convictions in North Carolina. One additional point was added pursuant to U.S.S.G. § 4A1.1(e) because Movant committed the bank robberies less than two years after his

release from custody for a sentence received on May 13, 2003. Movant's criminal history category was V. However, Movant was designated as a career offender based upon his breaking and entering convictions. Movant's criminal history category became VI.

The PSR provided for a base offense level of 20 as to each count. Movant's offense level was increased two levels because property of a financial institution was taken. A 1-level increase was applied because each loss exceeded $10,000 but was less than $50,000. Another 2 levels were added for obstruction of justice, for an adjusted offense level of 25. The combined adjusted offense level was 28. Because Movant was designated as a career offender, his offense level under U.S.S.G. § 4B1.1 became 32. Movant received no reduction for acceptance of responsibility. On June 27, 2006, Movant was sentenced under the U.S. Sentencing Guidelines to 250 months imprisonment, consisting of 240 months as to Count 3 in Cr. No. 0:04-1033; 240 months as to Count 1 in Cr. No. 0:05-0393 to run concurrently to Count 3 in Cr. No. 0:04-1033; and 240 months as to Count 2 in Cr. No. 0:04-1033, of which 230 months were to run concurrently and 10 months were to run consecutively to Count 3 in Cr. No. 0:04-1033 and Count 1 in Cr. No. 0:05-0393. Judgment was entered July 6, 2006. The Court of Appeals for the Fourth Circuit affirmed the convictions and sentences. See United States v. Pilson, 228 F. App'x 273 (4th Cir. 2007).

Movant filed a § 2255 motion on May 17, 2012. Respondent moved to dismiss the § 2255 motion as untimely, which motion was granted by order filed January 6, 2015. Upon authorization from the Court of Appeals for the Fourth Circuit, Movant proceeding pro se, filed a successive § 2255 motion on May 31, 2016, in Cr. No. 0:05-0393. Movant seeks the benefit of Johnson v. United States,133 S. Ct. 2551 (2015), in which the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. Supplemental § 2255 motions

2

were filed by counsel on Movant's behalf on June 24, 2017, and June 27, 2017. Counsel argued that Johnson applies with equal force to the United States Sentencing Guidelines under which Movant was sentenced and that Movant's prior convictions for breaking and entering do not qualify as predicate offenses under the "residual clause" of U.S.S.G. § 4B1.2(a)(2).

On August 4, 2016, upon motion of Respondent, the court stayed the matter pending disposition of Beckles v. United States, 137 S. Ct. 886 (2017), a case wherein a defendant challenged his Sentencing Guidelines sentence under Johnson. The Court decided Beckles on March 6, 2017. Respondent filed a motion to dismiss Movant's § 2255 motion on September 13, 2017. Movant filed a response on September 14, 2017. The matter now is ripe for adjudication.

## DISCUSSION

In Johnson the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines, which define a "crime of violence" as

3

any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). As with the ACCA, the clause beginning with "or otherwise" in this definition is known as the residual clause.

In Beckles, the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a)(2), and that the Guidelines' residual clause was unconstitutionally vague under Johnson. The Court found, however, that

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 893.

In its supplemental memorandum in support of its motion to dismiss, Respondent argues that because Johnson does not invalidate the advisory Guidelines, Movant's § 2255 motion (1) is untimely; (2) is without merit because the Fourth Circuit has found that the North Carolina crime of breaking and entering qualifies as a generic burglary, see United States v. Mungro, 754 F.3d 267 (4th Cir. 2014) (finding the North Carolina offense of breaking and entering to constitute generic burglary under the ACCA); and (3) guidelines sentencing errors are not cognizable on collateral review. Movant, through counsel, concedes this matter and, for the record, contends Beckles was wrongly decided. The court is constrained to conclude that Movant's § 2255 claim under Johnson

4

is without merit.

## CONCLUSION

For the reasons stated, Movant's § 2255 motions, as supplemented (ECF Nos. 172, 175 in Cr. No. 0:04-1033 and ECF Nos. 124, 128, and 131 in Cr. No. 0:05-0393) are **denied and dismissed** as untimely and without merit under Johnson. Respondent's motions to dismiss (ECF No. 203 in Cr. No. 0:04-1033 and ECF No. 158 in Cr. No. 0:05-0393) are **granted**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 21, 2017